Petroleum versus Cook. Mr. Mali. Mali. Thank you, Your Honor. My name is John Mali, counsel for Plaintiff's Appellants in this matter, where we seek reversal of the district court's grant of summary judgment on my client's equal protection claim challenging Indiana's statute that prohibits my client's convenience stores from, who are allowed to sell beer, but prohibits them from cooling the beer at or before sale. There are two primary issues I'd like to address in argument. The first is the district court's misapplication of settled Rule 56 summary judgment standards. The procedural setting of the case was that a preliminary injunction was held. The trial court did not advance the preliminary injunction to the final trial on the merits, so it was simply a At the same time, there were summary judgment motions pending. The trial court issued a singular ruling that addressed both the defense summary judgment motion, granting summary judgment for the defendant, and at the same time, the our preliminary injunction motion, denying our preliminary injunction motion. In doing so, unfortunately, the trial court conflated the preliminary injunction standards of weighing evidence, credibility, making factual findings, with the required Rule 56 standards of taking the evidence fairly for my clients, the non-movements, in responding to the defense. We really have a legal issue here, and our standard of review on a summary judgment case is de novo anyway, so I'm not sure why any of this makes the difference. Yes, Your Honor, it's, I appreciate that. It certainly is de novo review, which then takes us to, for instance, the statutory interpretation issue. One of the key issues below, and before the court today, is the Indiana statute that treats differently our clients who are in policed, incorporated communities, such as Indianapolis, Evansville, South Bend, and others, and the Indiana statute treats more favorably the same grocery stores, pharmacies, convenience stores that are in unincorporated towns, which in the state of Indiana, there are hundreds of them. It simply means they don't have a police force, they don't have an elect body, but they are, they've been around enough, and they sort of have enough population that they're recognized, and it's a creature of Indiana to, by statute, recognize this group. The statute permits those persons to obtain a beer retailers permit. That is correct, Your Honor, and but the important thing here is not the label, but what the permit allows. So our clients have beer dealer permits that allow them to sell beer. The state is deemed worthy of doing that, and in fact their compliance is more favorable than the package stores, and they also are able to sell wine and wine coolers that are cool. The unincorporated town permit allows, under the beer retailers permit, specifically under the statute IC 7.1-3-4-6C, allows grocery stores, convenience stores in unincorporated towns to sell beer warm or cold for carryout. But only if they comply with all of the other requirements for a beer retailer. Well, the statute doesn't require that, Your Honor. The statute says... Well, that's the limits of the permit. The permit carries all kinds of other regulatory requirements, including limitations on age of the servers, and training, and limitation on who can enter the premises, and having to wall off the area where the cold stuff is served, and where the food is served, and I mean there's a whole elaborate regulatory regime that applies to holders of beer retailers permits. It doesn't apply to beer stores. The statute sets forth the right in the unincorporated towns for grocery stores, which is defined by the statute, and it is what it says it is, and the convenience stores are the same under the grocery store statute. There's no requirement within the statute that they have any of that or that they do any of that. Well, that subsection can't be read in isolation. It has to be read in the broader context of what a beer retailer's permit permits and disallows and requires as a regulatory matter. I appreciate that, Your Honor, but the beer retailer's permit for an unincorporated town grocery store does not require them to sell on premises. They could, but it does not require them to. The statute allows them to sell cold or warm carryout beer. Unlike other statutes, it does not say you shall sell this, you shall do this, so it's a unique structure where Indiana has said, historically, when Indiana first allowed the sale of cold beer, it was by a bulletin in 1964 where the Commission said you can only do that, liquor stores, in areas that are policed, incorporated towns. Then that was embraced into the statute in 1979, but yet we have this discriminatory treatment for unincorporated towns that can sell cold carryout. So respectfully, when the statute... That presupposes something that's not clear from the statutory scheme, which is that grocery stores and convenience stores and unincorporated towns are not subject to any of the other requirements of a beer retailer's permit. I don't see that in the statutory scheme. I think they are. Whatever is meant by that strange juxtaposition of what is a beer retailer and what isn't a beer retailer, it's clear that there is a whole elaborate regulatory structure that they have to comply with, and that's not your business model of your... That's correct, Your Honor, but respectfully, and that's the defense position that the trial court adopted, but the statute does not say that. The statute specifically says that the Commission shall not issue a beer retailer's permit except as authorized, and then there's a specific statute for unincorporated towns. Right, but you're reading that in isolation from the broader regulatory scheme, which is an improper way of interpreting statutes. Well, respectfully, Your Honor, the specific controls over the general here, because this is a specific unincorporated town statute that says that in uncorporated towns that beer can be sold. So it's a question of first impression and acknowledge that. Is it your argument that the statute, the entire statutory scheme, permits a grocery store or convenience store in an unincorporated town to sell cold beer without regard to all of the other requirements of a beer retailer, that they can defy all the other requirements of a beer retailer and still get a beer retailer's permit? Yes, because statutorily, there is nothing that says in the Indiana Code, in Title 7-1, that a beer retailer in an unincorporated town has to do any of those other things. I understand that's the defense position, but I cannot find a statute that says that. Well, those are the limits of the beer retailer's permit. Not by statute, Your Honor. We're dealing with this statute, the statute that affects our clients who've been deemed worthy of selling beer, but have been discriminated against because they're prohibited from at or before sale, cooling it, even though they have a superior compliance record by the state's own scientific studies, and even though their business model naturally brings that about, that they would be more compliant because police are there, parents are there, coaches, teachers, because it's a convenience store, grocery store. So respectfully, Your Honor, then we move to the rational basis, and whether the court would agree with our position on the unincorporated town statute or not, if so, then that makes the disparate treatment, the discrimination, the rational basis very easy. If the court does not accept our position on that, and we go to simply the comparison between the package stores that are authorized to sell cold beer and our clients, they are substantially similar in the respect that both are retail operators, both are able to sell beer, both are prohibited by statute from selling to minors, both have age limits on whom can sell and work there and sell to the minors, and sell to persons 21 or over, but package stores have been given this privilege of selling cold, and as below a group of liquor stores intervened and said, this is important to us, we liquor stores, because we've been given, their own affidavit, a competitive advantage, but there's no rational basis for that because beer is beer is beer, and always has been. The alcohol content is the same. It's undisputed fact that the beer can be cooled by the buyer after sale. For instance, I could walk into the convenience store, get a container of ice, put my beer in that. I can do that. The seller is not able to do that. I could also cool it, as undisputed fact, within a minute. So by the time I'm in my vehicle, I could have cold beer, but yet we have this archaic protectionist statute that is a result of lobbying by the package lobby in Indiana. That's not unusual. Of course it's not. In this case, again, with a whole separate set of regulatory requirements, as do beer retailers, in that, I mean, their servers, their employees have to be over the age of 21, as I understand it. Nobody under 21 can even enter a liquor store in Indiana. That's correct. And that, and you're expecting, and that's because they are able to sell, for instance, while my clients are not ever clear that is 90% alcohol and other whiskey and bourbon and other liquor. Well, and there are quotas on the beer dealer permits as well, Your Honor. But liquor stores, that's much lower, is it not? It is a lower number. It is. But that should not determine, in any respect, the rational basis of favoring the liquor stores. Well, sure, it makes law enforcement's job easier. There are fewer stores to patrol for violations. Well, interestingly, the court committed error below by finding there's going to be more of a challenge if suddenly my clients could refrigerate their beer. Well, we're under rational basis review. We don't need findings. All we need is a supposition. A supposition, correct. But the case law is clear that it's our obligation to negate that conceived rational basis that's speculated about, and that we have an obligation, and the court should review, can we meet that? And in doing so, the court has made clear that changed circumstances, for instance, should be evaluated. And when this statutory structure started back in 1941, my clients didn't even exist, and the package store was what it was. Now we have the modern convenience store, the modern pharmacy, the modern grocery store, and the changed circumstances that those retailers, undisputed fact, have a significantly stronger compliance record. So it was rational when enacted, but has ceased to be rational? Certainly. The Indian Supreme Court found it rational back in 1942, but 73 years later, a lot has changed, including that our clients didn't even exist back then. The model didn't exist. The market is entirely different. And that's why the suit was broad, and the record shows this, that as the government studies continue to come out to show, yes, the convenience stores, grocery stores, and pharmacies are far more compliant, that it simply makes no sense that I can walk into a convenience store or grocery store and buy warm beer, and I can go buy 14% wine coolers that are cooled, but I got to get the beer off a shelf that's not cooled. That's actually backwards if the real speculated interest is to restrict miners from getting beer, because in Illinois and other states that allow sell of cold beer, where is the beer? In the cooler, where it is less accessible, less visible to the miner. You're a very powerful lobbyist. Can't you just go to the Indiana legislature and get this changed? They have tried, Your Honor. My clients have tried for five years and have not had any success, which is why they ultimately brought the suit. They certainly try every branch of government, but every day my clients' constitutional equal protection rights are being violated. And there is not a rational basis under this market, under this current condition, both because of the unincorporated town provision and because of the package side. I see that I'm into my rebuttal time. I And Mr. Steiner, why don't you begin on his last point, how things have evolved, what the studies have shown. What really is the rationale and the rational basis for it? Very good. Of course things do evolve, but there's still a very rational basis for the whole legislative scheme here, and it really surrounds the fact that we're limiting the sale of cold beer, which when you sell cold beer, you have beer that is more readily, immediately consumable than warm beer. Although some people may drink warm beer, that's certainly true. I think it's rational for the legislature to assume, 70 years ago and now, that when you're selling cold beer, or 60s I guess, until the present for cold beer, that people might consume that more readily, and have an interest in wanting to limit the sale of that beer, and limit it to those permit holders who have greater requirements on them to ensure that the sale is not to a minor, and that there's a proper sale of that particular item. The packaged liquor stores, the restaurants, they're required to have servers who are trained, who are 21 years of age or older. That's not the case with convenience stores. There are a lot of differences between the convenience stores, in this particular case, and the permit holders, the packaged liquor stores and restaurants, that are permitted to sell cold beer. But I think it starts with, the rational basis starts with the notion that the legislature has the right to limit, in ways that it deems appropriate under the 21st Amendment, the sale of alcohol. And in this case, it's wanting to limit the sale of cold beer in Indiana. And so it has done so by allowing cold beer to be sold by these few outlets, restaurants, essentially, in the packaged liquor stores, but not allowing it to be sold by these thousands of convenience stores that are around the state of Indiana, which would just increase the amount, without any question, of cold beer that would be sold in the state of Indiana. So while there may be some changes that have occurred over time, and while maybe convenience stores were not considered back when the law was first enacted, certainly there are still rational reasons for the legislature, in terms of limiting the sale, trying to prevent minors from obtaining cold beer and consuming it, and also the enforcement end of the situation. Certainly if we add thousands of alcohol outlets that can sell cold beer, particularly if they don't have the requirements of having to have the training for the sellers and all of these things, particularly when minors can enter convenience stores at any age and could, you know, can potentially be lured into attempting to take cold beer. There could be other problems that can occur. The fact is that the enforcement problems that would relate to dealing with convenience stores is clearly much more significant than the limited number of permit holders, essentially the packaged liquor stores and the restaurants. The age and training limitations on servers for liquor stores and retailers and restaurants, those are found in the statutes that specifically apply to that category of permit holders, or are those found in regulations? Yes, it does. It's contained in the statutes that apply to those permit holders, which is one of the reasons why it makes it logical for and rational for the legislature to then say regarding the beer dealers, which includes packaged liquor stores and restaurants, that they, because of these additional restrictions that exist relating to their permits, that it's rational to have those sales of cold beer occur by those permit holders and not others who are not so restricted by that, because that makes enforcement of the law more easy to do, less expensive, and all of those kind of things. So the fact that the beer retailers section of the code that appears to authorize grocery stores and convenience stores to obtain a beer retailers permit if they're in an unincorporated area carries with it all the restaurant requirements? It carries with it all the requirements that relate to that, you know, as we would say in Perry Materia, they're related. And yes, there are those requirements. We do contend that the convenience stores in unincorporated areas could only sell cold beer if they were a restaurant, hotel, or a club. And restaurants, hotels, and clubs that could do that would have these additional requirements. And their servers have to be over 21? They'd have to be over 21. And there has to be a physical separation in the area where the cold beverages are served? So there are no stand-alone convenience stores in those unincorporated areas? That's right. In fact, if there were, I'm sure that the plaintiffs in this case would have pointed to some examples. And one of our points in our case, there are no examples of any convenience stores in unincorporated areas that are being allowed to sell cold beer. And so the Commission has never issued one of these hybrid licenses? Right. There's no evidence that no one in an unincorporated area, any person, anybody that might be a convenience store, has applied for this kind of license, holds this kind of license, or is making any kind of sales of cold beer under a license. So there isn't any unequal treatment occurring between unincorporated areas and incorporated areas. Is this just a legislative anomaly then? Well, the statute may not be extremely well written. I think that's what can often, you know, that happens in legislation. But I think there's, without any question, you always look at related provisions of law. And if they relate, if they apply, you apply them. So in this case, I think everyone understands, has understood, given the, you know, given the situation, that convenience stores are not eligible to sell cold beer in unincorporated areas. They'd have to be something else. They'd have to be this hybrid, and they'd be subject to those requirements. And that has not occurred. I don't know whether it could occur, but that's not really the question in this case. The question is whether the plaintiffs have been deprived of equal protection of the law. Given the situation where the convenience stores in unincorporated areas can't operate as convenience stores and sell cold beer, in our view under the statutory scheme, there can be no equal protection problem. There's no differential treatment between unincorporated areas and incorporated areas. So we're left with the discrimination between convenience stores, grocery stores on the one hand, and liquor stores and restaurants on the other. If there is, I mean, we contend that there is a rational basis for that scheme in any event, because we're limiting the sale of cold beer in general, the absolute quantity of cold beer that can be sold, by limiting it to those permit holders who have persons who are trained and licensed to do the sales, and where it is more convenient, more efficient to perform the enforcement, because people younger than 21 can't even enter the premises, either the bar area of the restaurant or the packaged liquor store. So in those circumstances, it's rational to have those limitations. And that's true now. Whether it was true, you know, before convenience stores existed, it probably was, because even then the legislature was in the position of determining that it wanted to control how beer was distributed, ultimately when cold beer was allowed to be distributed, how cold beer was allowed to be distributed, because cold beer is viewed as something that can be immediately consumable, and as a result, there can be additional enforcement problems connected with people buying cold beer. So we believe that you probably wouldn't even have to reach the question of a rational basis, even in this case, because there are so many differences between the convenience stores, who are the plaintiffs in this case, and the restaurants, that there's not that kind of comparison that even allows a real equal protection analysis. Generally, as this case stated in the Reggette case, the persons alleged to have been treated more favorably must be identical or directly comparable to the plaintiff in all material respects, and we really don't have that situation when we look at the types of permit holders that the convenience stores are trying to compare themselves to in this case. And I think, as has been alluded to in addition to the kind of sales, the age of the people that have to do sales, the training, and all that, but there are a very limited number of packaged liquor store permits in the state, so the legislature knows that that sale is being limited by that limitation on the number of permits. And, in fact, there's there's also some limitations. As I understand packaged liquor stores, the owners need to be Indiana residents. That could indicate that, in the mind of the legislature, that there would be more control by having the owners of those permits be Indiana residents that would be easily subject to enforcement and regulation. Can't be open on Sunday? Actually, they can't be open on Sunday. There are limitations in terms of their hours of operation. Packaged liquor stores are more limited in terms of the amount of time they're open. They're not open on Sunday. Restaurants have limited hours of, in general, restaurants have very limited hours of operation, so between restaurants and packaged liquor stores, there's much more limited periods of time when cold beer can be sold than if convenience stores could sell cold beer. And then I could talk a little bit about, and I don't think it really matters much, the plaintiffs have tried to make a big deal out of how the district court handled the preliminary injunction proceeding and the summary judgment proceeding. Our position is that the district court did it really a pretty good job. The evidence was really the same in both the summary judgment submissions and in the preliminary injunction submissions, in any event. The things that the plaintiffs consider to be very significant, very important, are not, such as how, you know, their allegations that their stores are more brightly lit and those kind of things. That does not go to the rationale, the reasons for why the legislature has put the sale of cold beer into the hands of so that they can try to ensure that beer is not sold to minors, that there is a that there's a limitation on the amount of beer that's sold, those kind of things, that enforcement will be easier. How clean the store is, whether coaches, parents, police officers go into convenience stores, no doubt they do, but no doubt parents, teachers, and coaches go into restaurants and packaged liquor stores as well. When you try to make this kind of argument, I think what you're trying to do is really make a legislative argument to this court to try to overturn a statute which is clearly unconstitutional under the 21st Amendment. Or an argument to the Court of Public Opinion. Or to the Court of Public Opinion. We're responsible too, just as they are, so let us do this. Well, I think this this court is obligated to uphold the law so long as, you know, in this kind of situation where we're dealing with alcoholic beverages, that there are rational reasons for doing things. There are rational reasons for the laws that are in place here. So we would ask that the judgment of the district court be Two minutes, counsel. First on the summary judgment procedural layer, our clients respectfully should have their opportunity to meet their burden to negate the profit rational basis on a final trial of merits. As to the unincorporated statute, I just remind the court that what it says at 7.1-3-4-4, premises outside corporate limits, persons eligible, commission may issue a applicant who is the proprietor of a drugstore, grocery store, etc. Those are defined terms. Grocery store is not a restaurant. The restaurant is a fine term. This is what the statute is. And the statute was just recently reaffirmed because the legislature criminalized the prohibition for my clients, as of July 1 of last year, to sell cold beer. Writing the Court of Appendix 87 and 88, the Poindexter, I asked him, this statute on its face, you agree, treats grocery stores and convenience stores and unincorporated municipalities differently than grocery stores, convenience stores, and unincorporated towns. Yes, there's a difference. Can you think of any reasonable basis for that? I cannot. He acknowledged that different treatment. I cannot find anywhere in the statute anything that says an unincorporated town. But you don't want that permit. The unincorporated town permit, though, does not require the restaurant. Respectfully, it does not. It carries all of the other requirements of a beer retailer's permit. They can't do the things that beer retailers are prohibited from doing. The defense has not provided you that statute that says that. The statute does not say that. Lastly, Your Honor, the changed circumstances point. The trial court did not address this. We argued it below. The trial court did not address changed circumstances that the Supreme Court in the 7th Circuit of this Court has done. What are the changed circumstances? For instance, this market didn't exist back then. It's undisputed in the record and undisputed now in the marketplace that our clients fare better in compliance. Why is that? Because we don't have signs that say drink like a champion today, like liquor stores do, as of the record up by Notre Dame. And the other changed circumstances that this statute was criminalized just recently. So respectfully, Your Honor, when we look at the changed circumstances standard under equal protection, we should have our day in court just to negate the profit rational basis because under the facts, it doesn't matter. It doesn't add up to a rational basis. Thank you, Mr. Stein. Thank you to both counsel. We'll take the case under advisement.